UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KIMBERLY A. RIPOLI,
    Plaintiff

v.                                           C.A. No.

STATE OF RHODE ISLAND, Department of
Human Services, Office of Veterans Affairs,
    Defendant

## COMPLAINT

### I. Introductory Statement

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's fees and litigation expenses and other equitable relief, including back pay, as well as compensatory and punitive damages to remedy unlawful discrimination in employment the Plaintiff suffered on account of her sexual orientation, gender, age, and/or disability and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.* ("FEPA"), the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.* ("CRPD"), and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.* ("RICRA").

### II. Parties

1. The Plaintiff is a resident of the Town of Newport, County of Newport, State of Rhode Island.

2. Defendant State of Rhode Island ("State") is sued on the basis of official acts and/or omissions committed by employees and agents of the Department of Human Services ("DHS"), Office of Veterans Affairs ("OVA"), a department created pursuant to R.I.G.L. §42-12-1, *et seq.*, within the executive department of the State of Rhode Island, which said State is a sovereign state of

the United States and is subject to the jurisdiction of this Court in accordance with its express waiver of sovereign immunity pursuant to R.I.G.L. §9-31-1. *Marrapese v. Rhode Island*, 500 F. Supp. 1207 (D.R.I. 1980).

### III. Jurisdiction

3. This Court has jurisdiction over the Plaintiff's claims under Title VII pursuant to 42 U.S.C. §2000e-5(f)(3) and supplemental jurisdiction over the Plaintiff's claims under the FEPA, the CRPD, and the RICRA pursuant to 28 U.S.C. §1367.

### IV. Venue

4. Venue is proper in this Court insofar as a substantial portion of the events or omissions giving rise to the within claim occurred in Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Exhaustion of Administrative Remedies

5. On or about October 13, 2016, the Plaintiff filed a charge alleging sexual orientation, age, gender, and disability discrimination and retaliation with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 17 EPD 122-04/02, and the United States Equal Employment Opportunity Commission ("EEOC"), EEOC No. 16J-2017-00021, against Defendant State.

6. On or about February 28, 2017, more than 120 days but not more than two (2) years having elapsed since the filing of the original charge, the Plaintiff filed a Request for Notice of Right to Sue with the RICHR.

7. On or about February 28, 2017, Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

8. On or about April 4, 2017, Plaintiff was issued a notice of right to sue by the Department of Justice, Civil Rights Division and has timely instituted suit thereon.

9. There is no requirement under the RICRA and the CRPD relative to the exhaustion of administrative remedies.

## VI. Material Facts

10. On or about August 26, 2012, the Plaintiff was hired by Defendant State as the Associate Director of the OVA.

11. During all relevant time periods, the Plaintiff's work performance was satisfactory and met Defendant's legitimate expectations. This is evidenced, in part, by the fact that the Plaintiff secured a significant federal grant for the OVA for FY 2016.

12. The Plaintiff is a homosexual female.

13. The Plaintiff is fifty-four (54) years-old.

14. The Plaintiff is a veteran.

15. The Plaintiff is rated by the Department of Veterans Affairs as 100% combat-related disabled. The Plaintiff's disability impacts a number of her major life functions.

16. That during all relevant time periods, the Defendant knew that the Plaintiff suffered from a disability.

17. That despite her disability, the Plaintiff was still qualified to perform her job with or without reasonable accommodation.

18. That during all relevant time periods, the Plaintiff was the only female employed by OVA in a leadership position.

19. In February, 2016, Kasim Yarn was appointed as the Director of OVA and became the Plaintiff's immediate supervisor.

20. Subsequent to Mr. Yarn's hire, the Plaintiff was subjected to workplace discrimination on account of her sexual orientation, age, gender, and/or disability by employees and/or agents of Defendant State, including, but not limited to, Mr. Yarn.

21. After his hire, Mr. Yarn engaged in conduct to marginalize the Plaintiff's position as Associate Director.

22. For instance, Mr. Yarn frequently excluded the Plaintiff from staff meetings, berated and humiliated her in the presence of her colleagues and subordinates, divested her of her job responsibilities, and, despite her experience and skill, failed and/or refused to seek her professional counsel.

23. Mr. Yarn also approached another staff member, Jonathan Rascoe, and requested that Mr. Rascoe draft a written memorandum documenting any alleged examples of the Plaintiff's poor leadership and other workplace issues that involved her. Interestingly, Mr. Yarn instructed Mr. Rascoe not to e-mail the document to avoid creating a "paper trail" and to deliver it to his home address.

24. Mr. Yarn also undermined the Plaintiff's supervisory authority. For example, Mr. Yarn instructed the Plaintiff's staff to disregard her instructions and not to complete her assignments.

25. In May, 2016, during a staff meeting, Mr. Yarn informed the entire leadership staff that all employees should no longer report to the Plaintiff. Mr. Yarn never discussed this issue with the Plaintiff prior to this staff meeting.

26. Following this May, 2016, staff meeting and as a result of Mr. Yarn's directive, other OVA employees, including employees under the Plaintiff's supervision, dismissed her directives and authority. In fact, some of these subordinate employees began making sarcastic comments in the

presence of other staff members and outside contractors and vendors relative to the Plaintiff's lack of authority.

27. During May and June, 2016, the Plaintiff complained to management-level employees, including DHS Director Melba Depena, regarding her discriminatory work environment.

28. In addition, the Plaintiff was treated differently than other similarly situated employees on account of her sexual orientation, age, gender, and/or disability.

29. For example, Mr. Yarn refused to allow the Plaintiff to select members of a hiring panel. The Plaintiff is aware that Mr. Yarn allowed similarly-situated leadership staff members to select members of other hiring panels.

30. The forced discriminatory terms and conditions of employment the Plaintiff experienced were due to her sexual orientation, age, gender, and/or disability and adversely affected the terms and conditions of her employment and deprived her of the right to work in a non-discriminatory work environment.

31. On July 7, 2016, the Plaintiff complained to management-level employees, including Ms. Depena and DHS General Counsel, Deborah Barclay, regarding her discriminatory work environment. During this conversation, the Plaintiff told Ms. Depena and Ms. Barclay that she felt compelled to file a charge of discrimination with the RICHR due to Mr. Yarn's ongoing discriminatory behavior. In response, Ms. Barclay acknowledged that the Plaintiff had the right to file a charge.

32. Despite the Plaintiff's complaints to Ms. Depena and Ms. Barclay, Defendant State failed to conduct an investigation or effectuate any remedial measures to stop Mr. Yarn's discriminatory conduct.

33. On July 13, 2016, the Plaintiff completed an Employment Discrimination Questionnaire and submitted same to the RICHR.

34. Because the Plaintiff complained about her discriminatory work environment, Defendant State's employees and/or agents, including, but not limited to Mr. Yarn, retaliated against the Plaintiff by terminating her employment.

35. On July 13, 2016, the Plaintiff was terminated from her position at the OVA, effective July 27, 2016.

36. The Plaintiff was informed that she was terminated due to a so-called "reorganization."

37. That Defendant's purported reason for the Plaintiff's termination is pretext for workplace discrimination.

38. On information and belief, the Plaintiff was the only employee out of 230 employees that was terminated from his or her position at the OVA due to the so-called "reorganization."

39. Defendant's actions and/or omissions are in violation of Title VII, the CRPD, the FEPA, and the RICRA and were motivated by malice and ill will toward the Plaintiff, and the Defendant's actions were intentional, willful, malicious and taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

40. As a proximate result of Defendant's acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income, including past and future salary, damage to her business and personal reputation, severe mental and physical anguish, pain and suffering, loss of enjoyment of life, and other great harm.

### VII. Claims For Relief

41. The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-40 above.

### Count One
### Unlawful Discrimination—42 U.S.C. §2000e, *et seq.*

42. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her sexual orientation, gender, and/or age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under Title VII.

### Count Two
### Unlawful Discrimination—R.I.G.L. §42-87-1, *et seq.*

43. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her disability in violation of the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the CRPD.

### Count Three
### Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*

44. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her sexual orientation, gender, disability and/or age in violation of the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

### Count Four
### Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

45. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against Plaintiff in employment on account of her sexual orientation, gender, disability and/or age insofar as said actions and/or omissions resulted in the termination of an employment contract and the loss of benefits, terms and conditions of a contractual relationship existing between the Plaintiff and Defendant Blackstone in violation of the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RICRA.

### VIII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment that the Defendant, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

2. enjoining and permanently restraining the Defendant from violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, the Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1, *et seq.*, the Rhode Island Civil Rights of People with Disabilities Act, R.I.G.L. §42-87-1, *et seq.*, and the Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1, *et seq.*;

3. award the Plaintiff back pay, including incremental increases, plus prejudgment interest thereon;

4. award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5. award the Plaintiff punitive damages; and,

6. such other and further relief as the Court deems just and proper.

### IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

### X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire and Michael D. Pushee, Esquire as trial counsel.

PLAINTIFF,
By her attorneys,
**FORMISANO & COMPANY, P.C.**

Dated: May 12, 2017

/s/ V. Edward Formisano
V. Edward Formisano (#5512)

/s/ Michael D. Pushee
Michael D. Pushee (#6948)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)

### CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 12th day of May, 2017 and is available for viewing and downloading from the ECF system.

/s/ V. Edward Formisano