UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KIMBERLY A. RIPOLI | : |
| | : |
| v. | :    C.A. No. 17-00225-JJM |
| | : |
| STATE OF RHODE ISLAND, | : |
| DEPARTMENT OF HUMAN SERVICES, | : |
| OFFICE OF VETERAN AFFAIRS | : |

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A)) is Plaintiff Kimberly Ripoli's Sixth Motion to Compel Discovery Responses and Attendance at Deposition and Motion for Sanctions. (ECF No. 55). The State of Rhode Island objects. (ECF No. 58). Plaintiff filed a Reply. (ECF No. 61). Based on a thorough review of the parties' submissions, Plaintiff's Motion to Compel is GRANTED in limited part as provided herein and otherwise DENIED.

This Motion implicates the relevance and proportionality parameters of Rule 26(b), Fed. R. Civ. P. This case is a straightforward employment discrimination lawsuit filed over five years ago. Plaintiff alleges that she was hired as an Associate Director in the Office of Veteran Affairs ("OVA") in 2012. She indicates that she is a homosexual female over the age of forty and is a disabled combat veteran. In February 2016, Mr. Kasim Yarn was appointed OVA Director and became Plaintiff's immediate supervisor. She alleges that "subsequent to" Mr. Yarn's hire, she was subjected to workplace discrimination due to her age, gender, sexual orientation and/or disability by employees of the State, including, but not limited to, Mr. Yarn. (ECF No. 1 at ¶ 20). She alleges that she complained to "management-level employees" about her discriminatory work environment during May and June 2016. Id. at ¶ 27. Plaintiff alleges that she again complained

to management on July 7, 2016 and informed them that she felt "compelled" to file a charge of discrimination "due to Mr. Yarn's ongoing discriminatory behavior." Id. at ¶ 31.  On July 13, 2016, Plaintiff was notified that her employment was being terminated effective July 27, 2016.  Id. at ¶ 35.  She alleges that she was told the layoff was due to a "so-called reorganization."  Id. at ¶ 36.  Plaintiff contends that the layoff was a pretext and that she was the only employee out of 230 at OVA terminated as part of the "reorganization."  Id. at ¶ 37, 38.

So boiled down, Plaintiff's allegations of a discriminatory work environment are primarily directed at Mr. Yarn and span a roughly six-month time period.  The issues in dispute are whether Plaintiff was subject, during that period, to unlawful disparate or hostile treatment due to her age, gender, sexual orientation and/or disability, and whether the reason given for her layoff, i.e., reorganization, was a pretext for unlawful workplace discrimination.  The State has denied Plaintiff's allegations of discrimination and pretextual termination.  These allegations and the State's defenses frame the boundaries of relevance for purposes of discovery.  In addition, the Court is guided, as relevant, by the Court's November 30, 2021 Order on Plaintiff's Second Motion to Compel.  (ECF No. 46).

After reviewing the parties' submissions, the Court reaches the following conclusions on what appear to be the primary remaining areas of dispute.

### 1. Job Transfers/Special Accommodations

Plaintiff seeks certain discovery regarding the job transfers given to Mr. Evangelista and Mr. Kirchner back in 2007-2008, the job transfer "created" for Mr. Rascoe in 2016, and the promotion given to Mr. Jolin in 2017.  In a nutshell, Plaintiff claims that Mr. Evangelista and Mr. Kirchner were poor job performers who were reassigned to the Veterans' Cemetery in lieu of termination.  She argues that these transfers are relevant to show that the State can bend the

personnel rules to save someone's job when it wants to but chose not to do so for her when she was a good performer who was the only person laid off during a purported reorganization. As to Mr. Rascoe, Plaintiff alleges that he took over at the Veterans' Cemetery after Mr. Evangelista and Mr. Kirchner retired, and he resigned because of displeasure with Mr. Yarn's management of the OVA. She asserts that, at the same time her position was eliminated due to "reorganization," the State "bent over backwards" to keep Mr. Rascoe, and he was offered a new job in a new area. Plaintiff asserts that she was more qualified than Mr. Rascoe for that new position and that Mr. Rascoe was a straight, non-disabled male. Finally, as to Mr. Jolin, Plaintiff alleges that Mr. Yarn promoted him into a higher paying position in 2017 and that the position was "very much like" her eliminated Associate Director position.

Chief Judge McConnell already wrestled with these topics and concluded that they are relevant. (ECF No. 46). He overruled the State's objections and ordered production of certain documents sought by Plaintiff. Plaintiff disputes that the State has complied with that Order but offers primarily unsupported speculation about "missing" documents including the lack of production of emails that must have discussed certain of these personnel matters. The State responds that it has made a diligent search and has produced all responsive documents. It has also produced a release agreement involving one of these employees that was previously disputed and withheld on confidentiality grounds. Plaintiff also seeks "follow-up" discovery regarding the State's treatment of Mr. Evangelista and Mr. Kirchner. (ECF No. 61 at pp. 9-10). The parties dispute whether these follow-up requests fall within the scope of any of Plaintiff's prior Document Requests. The Court has reviewed the relevant Document Requests identified by Plaintiff, (ECF No. 61 at p. 10), and concludes that they are very broad, and the argument that they encompass this specific "follow-up" discovery is a bit of a stretch. However, the Court will allow this

discovery in part and Orders the State to promptly search for and produce any job descriptions and organizational charts showing the organization of the OVA in the 2007-2012 timeframe as well as Mr. Evangelista and Mr. Kircher's job descriptions after their job transfers. Plaintiff's other requested "follow-up" discovery is denied as outside the scope of the document requests, disproportional, and remote in time to the issues in dispute.

2. **The 2016 Hiring of Director Yarn**

Plaintiff seeks an order preventing the State from interfering with questioning of defense witnesses about the hiring of Mr. Yarn as Director instead of Plaintiff. The request is denied since the topic is simply not relevant to the claims and defenses in this case, and Chief Judge McConnell has already held in 2021 that "[t]he introduction of the issues surrounding the hiring of [Mr. Yarn] in 2016 is simply too late in this 4-year-old litigation." (ECF No. 46 at p. 1). First, Plaintiff's Complaint does not allege that that hiring decision was discriminatory. Second, she alleges that the discrimination occurred "subsequent to" Mr. Yarn's hiring, and her allegations of discriminatory conduct and animus are directed primarily at Mr. Yarn. Finally, and obviously, Mr. Yarn was not the one who decided to hire himself over Plaintiff back in 2016.

3. **The Rule 30(b)(6) Deposition**

Plaintiff moved to compel a 30(b)(6) deposition back in July 2021 and the Motion was granted. (ECF No. 32). However, there has been an ongoing dispute as to the breadth and specificity of the twenty topics proposed by Plaintiff, and the deposition has not gone forward. Over time, the parties have conferred and agreed as to certain topics, and others have been withdrawn by Plaintiff. The parties appear to remain in dispute as to Topics 2, 4, 8, 9, 15 and 18. After reviewing the parties' respective arguments, the Court rules as follows on those disputed topics:

Topic 2:  Motion Granted.

Topic 4:  Motion Denied as overbroad and disproportional.

Topic 8:  Motion Denied as moot as the State represents that the Ninth Affirmative Defense of failure to mitigate damages is factually based on Plaintiff's own testimony and documents produced regarding her post-July 2016 job searches and wages and, thus, any further inquiry as to that defense could only implicate attorney work product.

Topic 9:  Motion Denied as overly broad and duplicative of other discovery already taken.

Topic 15:  Motion Denied, however, the Topic as to Complaint ¶ 38 will be treated as an Interrogatory, and the State shall answer by indicating whether Plaintiff was the only employee at the OVA "placed on layoff status" or otherwise separated from State employment "due to the 'so-called' reorganization" in issue, and, if she was not the only employee, the State shall identify the other employee(s) by name and job title.

Topic 18:  Motion Granted.

SO ORDERED

 /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 22, 2022